**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of __Delaware__
                              (State)

Case number (*If known*): _____ Chapter __11__

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | Debtor's name | Techniplas, LLC |

2. **All other names debtor used in the last 8 years**

    Include any assumed names, trade names, and *doing business as* names

    Dickten Masch Plastics, LLC
    DM Plastics Acquisition, LLC

3. **Debtor's federal Employer Identification Number (EIN)**

    27 — 2217921

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| N44 W33341 Watertown Plank Road | |
| Number     Street | Number     Street |
| | P.O. Box |
| Nashotah     WI     53058 | |
| City     State     ZIP Code | City     State     ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Waukesha | |
| County | Number     Street |
| | |
| | City     State     ZIP Code |

5. **Debtor's website** (URL)    www.techniplas.com

| Debtor | Techniplas, LLC | Case number *(if known)* |
|---|---|---|
| | Name | |

**6.  Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

---

**7.  Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

<u>3</u>  <u>3</u>   <u>6</u>  <u>3</u>

---

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

Debtor   Techniplas, LLC
_____
         Name

Case number (if known)_____

---

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   If more than 2 cases, attach a separate list.

   ☒ No

   ☐ Yes.  District _____  When _____  Case number _____
                                          MM / DD / YYYY

            District _____  When _____  Case number _____
                                          MM / DD / YYYY

---

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    ☐ No

    ☒ Yes.  Debtor   see annex 1 _____  Relationship _____

             District _____  When _____
                                                              MM / DD / YYYY

             Case number, if known _____

---

11. **Why is the case filed in *this district*?**

    *Check all that apply:*

    ☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ☒ No

    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** *(Check all that apply.)*

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

      What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
                              Number        Street

                              _____

                              _____
                              City                              State ZIP Code

    **Is the property insured?**

    ☐ No

    ☐ Yes. Insurance agency _____

           Contact name _____

           Phone _____

---

**Statistical and administrative information**

---

Debtor    **Techniplas, LLC**
_____    Case number (if known)_____
    Name

---

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors\***

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☑ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

**15. Estimated assets\***

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☑ $100,000,001-$500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities\***

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☑ $100,000,001-$500 million | ☐ More than $50 billion |

---

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    05   06 / 2020
            MM / DD / YYYY

✖ /s/ *Peter J. Smidt*                    Peter J. Smidt
Signature of authorized representative of debtor    Printed name

Title    co-Chief Restructuring Officer

---

*Represents consolidated financial information for Techniplas, LLC and its affiliated debtors as set forth on "Annex 1". This does not constitute a statement or admission as to the creditors, assets or liabilities of any of the debtor entities individually.

| Debtor | Techniplas, LLC | Case number (*if known*) |
|---|---|---|
| | Name | |

**18. Signature of attorney**

✖ /s/ Jeffrey M. Schlerf

Signature of attorney for debtor

Date  05  06 / 2020

MM  / DD  / YYYY

Jeffrey M. Schlerf

Printed name

Fox Rothschild LLP

Firm name

919  North Market Street, Suite 300

Number  Street

Wilmington  DE  19801

City  State  ZIP Code

(302) 654-7444  jschlerf@foxrothschild.com

Contact phone  Email address

3047  DE

Bar number  State

**Annex 1**

**SCHEDULE OF DEBTORS**

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed in this Court a petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, as amended. Substantially contemporaneously with the filing of these petitions, these entities filed a motion requesting that their respective chapter 11 cases be jointly administered for procedural purposes only.

|  | **Debtor** | **Employer Identification Number (EIN)** |
|---|---|---|
| 1. | Techniplas, LLC | 27- 2217921 |
| 2. | DMP Monterrey Holdings LLC | 45-2835888 |
| 3. | DMP International Holdings, LLC | 45-2835922 |
| 4. | Nyloncraft, Inc. | 35-2156035 |
| 5. | Nyloncraft of Michigan, LLC | 38-3639613 |
| 6. | DMP Exports, Inc. | 35-2422366 |
| 7. | Techniplas Finance Corp. | 47-3708207 |
| 8. | WEIDPLAS North America, LLC | 46-5066945 |

PRIVILEGED & CONFIDENTIAL
ATTORNEY WORK PRODUCT

**WRITTEN CONSENT**
**OF**
**THE BOARD OF MANAGERS**
**OF**
**TECHNIPLAS, LLC**

**May 6, 2020**

The undersigned, being the majority of the members of the Board of Managers (the "**Board**") of Techniplas, LLC, a Delaware limited liability company (the "**Company**"), acting in accordance with the Delaware Limited Liability Company Act (the "**DLLCA**") and the Operating Agreement of the Company, as amended (the "**Operating Agreement**"), hereby consent in writing to approve the adoption of the following resolutions, effective as of the date set forth above, which shall have the same force and effect as if adopted at a duly noticed and validly held meeting of the Board:

WHEREAS, the Board has considered presentations by the management of, and the financial and legal advisors to, the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's business, creditors, and other parties in interest;

WHEREAS, the Board has also had the opportunity to consult with the Company's management, and financial and legal advisors and other professionals, and fully consider the restructuring negotiations with the Company's secured lenders and noteholders;

WHEREAS, on March 23, 2020, the Board appointed Jonathan F. Foster, as an independent manager of the Company (the "**Independent Manager**") to consider the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's business, creditors, and other parties in interest;

WHEREAS, the Independent Manager, in his capacity as the sole member of that certain committee of managers (the "**Special Committee**") formed on March 23, 2020, is designated and empowered to, among other things, explore, review, consider and evaluate one or more one or more strategic alternatives that the Special Committee deems appropriate;

WHEREAS, the Independent Manager, having considered the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's business, creditors, and other parties in interest, has approved and recommended to the Board the taking of the actions specified in the following resolutions;

WHEREAS, based on its review of all available alternatives and advice provided by such advisors and professionals and the Independent Manager, the Board has determined that it is in the best interest of the Company, its subsidiaries, their respective equityholders, and other parties in interest, for the Company and its subsidiaries to take the actions specified in the following resolutions;

*Chapter 11 Case*

WHEREAS, the Board has been presented with a proposed petition to be filed by the Company in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy**

PRIVILEGED & CONFIDENTIAL
ATTORNEY WORK PRODUCT

**Court**") seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), in which the authority to operate as a debtor-in-possession will be sought;

WHEREAS, the Board, having considered the financial and operational aspects of the Company's business and the best course of action to maximize value, deems it advisable and in the best interests of the Company, its creditors, and other interested parties that a petition be filed by the Company seeking relief under the provisions of chapter 11 of the Bankruptcy Code and implement a restructuring of the Company, including through a sale of its assets under section 363 of the Bankruptcy Code and a chapter 11 plan to be filed by the Company during the chapter 11 cases in the Bankruptcy Court;

NOW, THEREFORE, BE IT

RESOLVED, that in the judgment of the Board, it is desirable and in the best interests of the Company, its subsidiaries, their respective equityholders, and other interested parties, that a voluntary petition be filed by the Company seeking relief under the provisions of chapter 11 of the Bankruptcy Code, and the filing of such petition is authorized hereby; and it is further

RESOLVED, that the Company's appointed managers, officers and directors (each, an "**Authorized Person**"), including the Chief Restructuring Officers and the Independent Manager, hereby are authorized and empowered, on behalf of and in the name of the Company, to execute and verify a petition in the name of the Company under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court in such form and at such time as the Authorized Person(s) executing said petition on behalf of the Company shall determine.

*DIP Financing*

RESOLVED, that in connection with the commencement of the chapter 11 cases, each Authorized Person be, and each hereby is, authorized and empowered on behalf of the Company, to negotiate, execute and deliver a debtor-in-possession loan facility or other form of credit support or enhancement (including, in connection therewith, such notes, security agreements and other agreements or instruments as such Authorized Person considers appropriate) on the terms and conditions as such Authorized Person executing the same may consider necessary, proper or desirable (including the granting of liens, security interests, and superpriority administrative claims and the guaranteeing of affiliate obligations), such determination to be conclusively evidenced by such execution or the taking of such action, and to consummate the transactions contemplated by such agreement or instruments on behalf of the Company and/or file in the Bankruptcy Court such pleadings as may be necessary to make such debtor-in-possession facility or other form of credit support or enhancement binding and effective in respect thereof.

*Sale of Assets*

RESOLVED, that each Authorized Person be, and they hereby is, authorized and empowered on behalf of the Company, to negotiate, execute and deliver a stock and asset purchase agreement by and among the Company and certain of its subsidiaries (collectively, the "**Sellers**") and Techniplas Acquisition Co, LLC, a Delaware limited liability company (the "**Buyer**") (the "**Stock and Asset Purchase Agreement**"), a copy of which has been provided to the Board, on the terms and conditions as such Authorized Person executing the same may consider necessary,

PRIVILEGED & CONFIDENTIAL
ATTORNEY WORK PRODUCT

proper or desirable, such determination to be conclusively evidenced by the execution of the Stock and Asset Purchase Agreement, to facilitate on behalf of the Company, a sale of a portion of or all or substantially all of the Company's assets and the assumption of certain liabilities related thereto; and it is further

### *Retention of Professionals*

RESOLVED, that each Authorized Person be, and each hereby is, authorized and empowered, on behalf of and in the name of the Company, to retain and employ professionals to render services to the Company in connection with the chapter 11 cases and the transactions contemplated by the foregoing resolutions, including, without limitation: the law firm White & Case LLP to act as restructuring counsel; Fox Rothschild LLP as Delaware restructuring counsel; Miller Buckfire & Co., LLC to act as investment banker and as financial advisor; FTI Consulting, Inc. to act as restructuring advisor; and Epiq Corporate Restructuring, LLC to act as claims and noticing agent and administrative advisor; and in connection herewith, each Authorized Person is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of the foregoing; and it is further

RESOLVED, that each Authorized Person be, and each hereby is, authorized and empowered and directed, in the name and on behalf of the Company, to incur and pay or cause to be paid all such fees and expenses as in their judgment shall be necessary, appropriate, or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions.

### *General Authority to Implement Resolutions*

RESOLVED, that each Authorized Person be, and each hereby is, authorized and empowered, on behalf of and in the name of the Company, to execute, deliver, perform, verify, and/or file, or cause to be executed, delivered, performed, verified, and/or filed (or direct others to do so on their behalf as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, statements, schedules, motions, lists, applications, pleadings, contracts, agreements, other papers, additional security documents, guarantees, reaffirmations, control agreements, waivers of or amendments to existing documents, and to negotiate the forms, terms, and provisions of, and to execute and deliver any amendments, modifications, waivers, or consent to any of the foregoing as may be approved by any Authorized Person, which amendments, modifications, waivers, or consents may provide for consent payments, fees, or other amounts payable or other modifications of or relief under such agreements or documents, the purpose of such amendments, modifications, waivers, or consents being to facilitate consummation of the transactions contemplated by the foregoing resolutions or for any other purpose, and, in connection with the foregoing, to employ and retain all assistance by legal counsel, investment bankers, accountants, restructuring professionals, or other professionals, and to take any and all action which such Authorized Person or Authorized Persons deem necessary or proper in connection with the chapter 11 cases, including any and all action necessary or proper in connection with obtaining authorization to use cash collateral and/or debtor-in-possession financing (in such amounts and on such terms as may be agreed by any Authorized Person, including the grant of replacement and additional liens, as is necessary or proper for the continuing conduct of the affairs of the Company and certain of its subsidiaries and affiliates), including the DIP Facility and refinancings or amendments thereof, with a view to the successful prosecution of the chapter 11 cases

PRIVILEGED & CONFIDENTIAL
ATTORNEY WORK PRODUCT

contemplated by the foregoing resolutions and the successful consummation of the transactions contemplated by the foregoing resolutions including, without limitation, any action necessary or proper to maintain the ordinary course operation of the Company's business; and it is further

RESOLVED, that each Authorized Person be, and each hereby is, authorized to execute, deliver, and perform any and all special powers of attorney as such Authorized Person may deem necessary or desirable to facilitate consummation of the transactions contemplated by the foregoing resolutions, pursuant to which such Authorized Person will make certain appointments of attorneys to facilitate consummation of the transactions contemplated by the foregoing resolutions as the Company's true and lawful attorneys and authorize each such attorney to execute and deliver any and all documents of whatsoever nature and description that may be necessary or desirable to facilitate consummation of the transactions contemplated by the foregoing resolutions; and it is further

RESOLVED, that each Authorized Person be, and each hereby is, authorized and empowered, on behalf of and in the name of the Company, to amend, supplement, or otherwise modify from time to time the terms of any documents, certificates, instruments, contracts, agreements, financing statements, notices, undertakings, or other writings referred to in the foregoing resolutions; and it is further

RESOLVED, that each Authorized Person be, and each hereby is, authorized and empowered, on behalf of and in the name of the Company, to take or cause to be taken any and all such further action and to execute, deliver, perform, verify, and/or file, or cause to be executed, delivered, performed, verified, and/or filed (or direct others to do so on its behalf as provided herein) all such further documents, agreements, contracts, instruments, financing statements, notices, undertakings, certificates, and other writings to effectuate the purpose and intent of any and all of the foregoing resolutions; and it is further

RESOLVED, that all acts lawfully done or actions lawfully taken by any Authorized Person to seek relief on behalf of the Company under chapter 11 of the Bankruptcy Code, or in connection with the chapter 11 cases, the Stock and Asset Purchase Agreement, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Company in all respects by the Board; and it is further

RESOLVED, that all acts lawfully done or actions lawfully taken by any Authorized Person, or by any employees or agents of the Company, on or before the date hereof in connection with the transactions contemplated by the foregoing resolutions be, and they hereby are, ratified, confirmed, and approved in all respects by the Board; and it is further

RESOLVED, that the omission from these resolutions of any agreement, document, or other arrangement contemplated by any of the agreements, instruments, filings, or other documents described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, instruments, filings, or other documents described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Person to take all actions necessary, desirable, proper, advisable, or appropriate to consummate, effectuate, carry out, or further the transaction contemplated by, and the intent and purposes of, the foregoing resolutions; and it is further

PRIVILEGED & CONFIDENTIAL
ATTORNEY WORK PRODUCT

RESOLVED, that the authority conferred upon any Authorized Person of the Company by this Action by Written Consent is in addition to, and shall in no way limit, such other authority as such Authorized Person may have with respect to the subject matter of the foregoing resolutions, and that the omission from this Action by Written Consent of any agreement or other arrangement contemplated by any of the agreements, contracts, instruments, or documents described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, instruments, or documents described in the foregoing resolutions shall in no manner derogate from the authority of any such Authorized Person to take any and all actions convenient, necessary, advisable, or appropriate to consummate, effectuate, carry out, perform, or further the transactions contemplated by and the intents and purposes of the foregoing resolutions; and it is further

RESOLVED, that each of the Authorized Persons (and their designees and delegates) be, and each hereby is, authorized and empowered to take all actions or not to take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder as the sole shareholder, partner, member, board of managers, manager (or similar role) of each subsidiary of the Company, in each case, as such Authorized Person or Authorized Persons shall deem necessary proper, appropriate, desirable, or advisable to effectuate the purposes of the transactions contemplated herein, including authorizing and causing such subsidiaries to provide guaranties and grant liens in respect of the financing transactions contemplated herein; and it is further

RESOLVED, that each Authorized Person be, and each of them with full authority to act without the others hereby is, granted the power, at their discretion, to appoint and remove any substitutes in connection with any of the aforesaid purposes upon such terms as such Authorized Person shall deem proper, as well as the power to delegate each and every one of the powers contemplated by the foregoing resolutions; and it is further

RESOLVED, that any person dealing with the Authorized Persons authorized by the foregoing resolutions in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of the Authorized Person including by his execution in the name or on behalf of the Company, of any document, agreement or instrument, the same being a valid and binding obligation of the Company enforceable in accordance with its terms; and it is further

RESOLVED, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waives any right to have received such notice; and it is further

RESOLVED, that all actions heretofore taken consistent with the purpose and intent of the foregoing resolutions are hereby authorized, ratified, approved, confirmed, and adopted in all respects as the acts and deeds of the Company as fully as if such actions had been presented to the Board for prior approval, including, but not limited to, all such actions taken by any director, officer, or employee of the Company; and it is further

RESOLVED, that this Action by Written Consent may be executed in any number of counterparts, each of which shall be deemed an original and all of which together shall be deemed to constitute one or the same Action by Written Consent.

PRIVILEGED & CONFIDENTIAL
ATTORNEY WORK PRODUCT

*\*\**

[*Signature Pages Follow*]

PRIVILEGED & CONFIDENTIAL
ATTORNEY WORK PRODUCT

IN WITNESS WHEREOF, the undersigned, have duly executed and caused this Action by Written Consent to be delivered as of the date first written above.


**BOARD OF MANAGERS:**


_____
George T. Votis


_____
Jonathan F. Foster

*[Signature Page to Action by Written Consent of Techniplas, LLC]*

IN WITNESS WHEREOF, the undersigned, have duly executed and caused this Action by Written Consent to be delivered as of the date first written above.

**BOARD OF MANAGERS:**

_____
George T. Votis

_____
Jonathan F. Foste

IN WITNESS WHEREOF, the undersigned, have duly executed and caused this Action by Written Consent to be delivered as of the date first written above.

**BOARD OF MANAGERS:**

_____
George T. Votis

_____
Jonathan F. Foste

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TECHNIPLAS, LLC, | Case No. 20-_____ (___) |
| | Joint Administration Pending |
| Debtors.[1] | |

## COMBINED CORPORATE OWNERSHIP STATEMENT AND
## LIST OF EQUITY SECURITY HOLDERS OF
## TECHNIPLAS, LLC

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above captioned debtor and debtor in possession (the "**Debtor**"), a Delaware Limited Liability Company, hereby respectfully represents that the following is the list of holders of the Debtor's sole class of equity or membership interests:

| NAME | LAST KNOWN ADDRESS OR PLACE OF BUSINESS OF HOLDER | PERCENTAGE OF EQUITY HELD |
|---|---|---|
| DM Plastics Partners, LLC | N44 W33341 Watertown Plank Road, Nashotah, WI 53058 | 90.00% |
| Patmian, LLC | 655 Madison Avenue New York, NY 10021 | 90.00%, indirectly |
| The Votis 2012 Trust | 3140 S Ocean Blvd, 104N Palm Beach, FL 33480 | 10.0% |

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Techniplas, LLC (7921); DMP Monterrey Holdings LLC (5888); DMP International Holdings, LLC (5922); Nyloncraft, Inc. (6035); Nyloncraft of Michigan, LLC (9613); DMP Exports, Inc. (2366); Techniplas Finance Corp. (8207); and WEIDPLAS North America, LLC (6945). The address of the Debtors' corporate headquarters is N44 W33341 Watertown Plank Road, Nashotah, Wisconsin 53058.

**Fill in this information to identify the case and this filing:**

Debtor Name  Techniplas, LLC

United States Bankruptcy Court for the: _____ District of Delaware
                                                                          (State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐  *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐  *Schedule H: Codebtors* (Official Form 206H)

☐  *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐  Amended *Schedule* ____

☐  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒  Other document that requires a declaration  Combined Statement of Corporate Ownership and List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  05/06/2020                    ✘ */s/ Peter J. Smidt*
                  MM / DD / YYYY                    Signature of individual signing on behalf of debtor

                                        Peter J. Smidt
                                        Printed name

                                        co-Chief Restructuring Officer
                                        Position or relationship to debtor

**Fill in this information to Identify the case:**

Debtor Name:   Techniplas, LLC

United States Bankruptcy Court for the:      District of Delaware

Case Number (If known):

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | DUPONT SPECIALTY PRODUCTS USA, LLC CHESTNUT RUN PLAZA 974 CENTRE ROAD WILMINGTON, DE  19805 | CONTACT: SCOTT ROOF PHONE: 312-954-2471 RODRIGO.GONZALEZ@DUPONT.COM | TRADE PAYABLE | | | | $1,326,361.31 |
| 2 | NEXEO PLASTICS, LLC 3 WATERWAY SQUARE PLACE CHICAGO, IL  60674-7392 | CONTACT: CHIEF FINANCIAL OFFICER PHONE: 281-297-0700 FAX: 281-297-0999 PLASTICSREMIT@NEXEOSOLUTIONS.COM | TRADE PAYABLE | | | | $1,293,630.36 |
| 3 | TEKNOR FINANCIAL CORPORATION 505 CENTRAL AVE PAWTUKET, RI  02861-0290 | CONTACT: CHIEF FINANCIAL OFFICER PHONE: 401-725-8000 ACCTSREC@TEKNORAPEX.COM | TRADE PAYABLE | | | | $1,201,693.36 |
| 4 | ASAHI KASEI PLASTICS N/A INC. ONE THERMOFIL WAY FOWLERVILLE, MI  48836 | CONTACT: CHIEF FINANCIAL OFFICER PHONE: 800-444-4408 FAX: 517-223-5616 MHAMILTON@AKPLASTICS.COM | TRADE PAYABLE | | | | $1,007,338.95 |
| 5 | FOLEY & LARDNER LLP 777 EAST WISCONSIN AVE MILWAUKEE, WI  53202 | CONTACT: CHIEF FINANCIAL OFFICER PHONE: 414-271-2400 FAX: 414-297-4900 LDANIELS@FOLEY.COM | PROFESSIONAL SERVICES | | | | $859,728.64 |

**Debtor:** Techniplas, LLC

Case Number (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 6 | C & L TUBE INC. 193 EXETER ROAD, UNIT F LONDON, ON  N6L 1A4 CANADA | CONTACT: CHIEF FINANCIAL OFFICER PHONE: 519-652-8144 FAX: 519-652-1724 LCABRAL@CLTUBE.COM | TRADE PAYABLE | | | | $542,806.32 |
| 7 | AGILITY GLOBAL HOLDINGS LLC 399 PARK AVENUE NEW YORK, NY  10022 | CONTACT: CHIEF FINANCIAL OFFICER PHONE: 414-908-8000 FAX: 414-908-7393 INFO@VCPI.COM | TRADE PAYABLE | | | | $503,156.54 |
| 8 | BRIADCO TOOL & MOULD INC 5605 ROSCON INDUSTRIAL DR. OLDCASTLE, ON  N0R 1L0 CANADA | CONTACT: KAITE SHILAKU PHONE: 519-737-1760 FAX: 519-737-7065 KATIE@BRIADCO.COM | TRADE PAYABLE | | | | $482,200.00 |
| 9 | ANDERSON BENSON INSURANCE 3322 WEST END AVENUE NASHVILLE, TN  37203 | CONTACT: BECKY WALLACE PHONE: 615-630-7800 BECKY@ANDERSONBENSON. COM | INSURANCE | | | | $399,903.45 |
| 10 | ALFMEIER FRIEDRICHS & RATH 120 ELCON DRIVE GREENVILLE, SC  29605 | CONTACT: MARKUS FARRENKOPF PHONE: 864-299-6300 FAX: 864-299-3020 MARKUS.FARRENKOPF@AFR NA.COM | TRADE PAYABLE | | | | $363,358.00 |
| 11 | DBK DAVIDBAADER GMBH RHEINSTR. 72-74 KANDEL  D76870 GERMANY | CONTACT: CHIEF FINANCIAL OFFICER PHONE: 49(0) 72 75 703-0 FAX: 49(0) 72 75 703-249 OVENS-DE@DBK-GROUP.COM | TRADE PAYABLE | | | | $305,134.40 |
| 12 | RTP COMPANY 8222 SOLUTIONS CENTER CHICAGO, IL  60677-8000 | CONTACT: MIKE NATHAN PHONE: 251-525-3695 FAX: 507-454-3143 DBANSE@RTPCOMPANY.CO M | TRADE PAYABLE | | | | $218,123.29 |
| 13 | TI AUTOMOTIVE (TI FLUID SYSTEMS) 2020 TAYLOR ROAD AUBURN HILLS, MI  48326 | CONTACT: CHRISTINA RUSSO PHONE: 248-296-8239 CRUSSO@TIFS.COM | TRADE PAYABLE | | | | $196,670.61 |
| 14 | MISHAWAKA UTILITIES 126 N CHURCH ST MISHAWAKA, IN  46544 | CONTACT: JOHN J. ROGGEMAN PHONE: 574-258-1637 FAX: 574-254-0197 JROGGEMAN@MISHAWAKA. IN.GOV | UTILITY | | | | $192,868.21 |
| 15 | WE ENERGIES 231 W. MICHIGAN STREET MILWAUKEE, WI  53203 | CONTACT: CHIEF FINANCIAL OFFICER PHONE: 800-714-7777 FAX: 262-574-6348 SMALLBUSINESS@MAIL.WE-ENERGY.COM | TRADE PAYABLE | | | | $186,648.50 |

Debtor: Techniplas, LLC

Case Number (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 16 | ENTEC POLYMERS, LLC 1900 SUMMIT TOWER BLVD. ORLANDO, FL 32810 | CONTACT: CHIEF FINANCIAL OFFICER PHONE: 866-306-1127 FAX: 407-875-5700 ARINVOICES@RAVAGOAMERICAS.COM | TRADE PAYABLE | | | | $176,703.94 |
| 17 | INJECTEC, INC. 451 N. DEKORA WOODS BLVD SAUKVILLE, WI 53080 | CONTACT: CHIEF FINANCIAL OFFICER PHONE: 262-268-0800 FAX: 262-268-0643 ANGELA.KRAUSE@INJECTEC.COM | TRADE PAYABLE | | | | $171,536.31 |
| 18 | POLYONE DISTRIBUTION 2600 107TH STREET LEMONT, IL 60439 | CONTACT: CHIEF FINANCIAL OFFICER PHONE: 708-972-0505 FAX: 630-972-3131 MERCEDES.MCCLELLAN@POLYONE.COM | TRADE PAYABLE | | | | $165,391.77 |
| 19 | DENNY ELWELL FAMILY LLC 2401 S.E. TONES DRIVE SUITE 17 ANKENY, IA 50021 | CONTACT: CHRIS MURRAY PHONE: 515-964-1587 FAX: 515-964-8749 BTUTTLE@DENNYELWELLCOMPANY.COM | TRADE PAYABLE | | | | $161,863.83 |
| 20 | MEGA MOLD INT INC 4565 COUNTY ROAD 46 OLDCASTLE, ON N0R 1K0 CANADA | CONTACT: PATTI CARTER PHONE: 519-979-5111 FAX: 519-979-6722 PCARTER@MEGAMOLDINT.COM | TRADE PAYABLE | | | | $160,865.00 |
| 21 | AKRON POLYMER PRODUCTS 1471 EXETER ROAD AKRON, OH 44306 | CONTACT: HEATHER PUEHLER PHONE: 330-733-6040 EXT 1101 FAX: 330-628-8425 HPUEHLER@AKRONPOLYMER.COM | TRADE PAYABLE | | | | $149,839.63 |
| 22 | A J TOOL 3026 BEECHWOOD INDUSTRIAL COURT HUBERTUS, WI 53033 | CONTACT: CHIEF FINANCIAL OFFICER PHONE: 262-628-4448 FAX: 262-628-4654 AJTOOL@SBCGLOBAL.NET | TRADE PAYABLE | | | | $144,825.00 |
| 23 | UMR 11 SCOTT STREET MILWAUKEE, WI 54403 | CONTACT: CHIEF FINANCIAL OFFICER PHONE: 800-391-3918 FAX: 715-841-7038 NAVEEN65@UMR.COM | TRADE PAYABLE | | | | $141,958.67 |
| 24 | CHANNEL PRIME ALLIANCE LLC 1803 HULL AVENUE DES MOINES, IA 50313-4738 | CONTACT: JUDY AMODEO PHONE: 515-264-4110 FAX: 515-264-4168 JUDY.AMODEO@CHANNELPA.COM | TRADE PAYABLE | | | | $132,099.19 |
| 25 | WELCH PACKAGING GROUP 9900 IDUSTRIAL DRIVE BRIDGEVIEW, IL 60455 | CONTACT: CHIEF FINANCIAL OFFICER PHONE: 708-813-1520 FAX: 574-295-2460 WILLISLM@WELCHPKG.COM | TRADE PAYABLE | | | | $130,042.76 |

**Debtor:** Techniplas, LLC

Case Number (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 26 | TPS LOGISTICS INC US 3290 W BIG BEAVER ROAD 300 TROY, MI  48084 | CONTACT: KIMBERLEE WHITAKER PHONE: 248-731-4725 KWHITAKER@ARGUSSOLUTIONS.NET | TRADE PAYABLE | | | | $123,328.17 |
| 27 | TH PLASTICS, INC. 106 E. MAIN STREET MENDON, OH  49072 | CONTACT: BRAD UNDERWOOD PHONE: 269-496-8495 FAX: 269-496-8634 INQUIRY@THPLASTICS.COM | TRADE PAYABLE | | | | $115,966.02 |
| 28 | MERCURY PRODUCTS CORP. 1201 SOUTH MERCURY DRIVE SCHAUMBURG, IL  60193-3598 | CONTACT: CHIEF FINANCIAL OFFICER PHONE: 847-524-4400 FAX: 847-524-4542 INFO@MERCPROD.COM | TRADE PAYABLE | | | | $107,494.95 |
| 29 | LINN PRODUCTS, INC. 1200 LIPSEY DRIVE CHARLOTTE, MI  48813 | CONTACT: CHIEF FINANCIAL OFFICER PHONE: 517-543-1820 FAX: 517-543-3520 | TRADE PAYABLE | | | | $106,179.36 |
| 30 | COMPOSITES INTERNATIONAL, INC. 407 S. 7TH STREET NOBLESVILLE, IN  46061 | CONTACT: CHRS MCCLURE PHONE: 317-773-1766 FAX: 317-773-3877 CMCCLURE@IDICOMPOSITES.COM | TRADE PAYABLE | | | | $95,584.05 |

**Fill in this information to identify the case and this filing:**

Debtor Name __Techniplas, LLC__

United States Bankruptcy Court for the: _____ District of __Delaware__
(State)

Case number (*If known*): _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __05/06/2020__              ✖ __/s/ Peter J. Smidt__
MM / DD / YYYY                           Signature of individual signing on behalf of debtor

                                        __Peter J. Smidt__
                                        Printed name

                                        __co-Chief Restructuring Officer__
                                        Position or relationship to debtor